# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

ZURICH AMERICAN INSURANCE COMPANY, :
as Subrogee of Green Valley Terrace SNF, LLC dba :
Atlantic Shore Rehabilitations and Health Center :
1299 Zurich Way :
Schaumburg, IL 60196 :
                            Plaintiff, :
           v. :   C.A. No.
 
TOWN OF MILLSBORO : **JURY TRIAL DEMANDED**
322 Wilson Highway :
Millsboro, DE 19966 :
                      Defendant. :

## COMPLAINT

Plaintiff, Zurich American Insurance Company, as Subrogee of Green Valley Terrace SNF, LLC dba Atlantic Shore Rehabilitation and Health Center, by and through its undersigned attorneys, upon information and belief, complain of defendant, The Town of Millsboro, as follows:

### PARTIES

1. Plaintiff, Zurich American Insurance Company ("Zurich" or the "Plaintiff"), is a New York corporation with a principal place of business located at 1299 Zurich Way, Schaumburg, Illinois, which at all times material hereto was authorized to issue insurance policies in the State of Delaware.

2. Defendant, Town of Millsboro ("Millsboro" or the "Defendant"), is political subdivision of the State of Delaware, and at all times material hereto was responsible for the maintenance and operation of the wastewater management system that services properties within the municipality.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 in that this is an action between citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. Venue is properly laid in this judicial district because this is the judicial district in which the claim arose.

## FACTUAL ALLEGATIONS

5. At all times material hereto, Zurich's insured, Green Valley Terrace SNF, LLC dba Atlantic Shores Rehabilitation and Heal Center ("GVT") owned and operated the Atlantic Shores Rehabilitation Center at 231 Washington Street, Millsboro, Delaware (the "Property").

6. At all times material hereto, Zurich provided property insurance to GVT for the Property pursuant to policy number PRA 0086385 (the "Policy").

7. At all times material hereto, Defendant owned, operated and maintained the municipal wastewater management system that serviced the Property.

8. At all times material hereto, the wastewater management system included a water treatment facility that was owned, operated and maintained by Defendant.

9. On or about September 30, 2016, during a rainstorm, sewage, waste materials, contaminants and pollutants backed up into the Property through numerous floor drains (the "Incident").

10. The Incident resulted in significant damage to the Property and equipment located at the Property.

11. Defendant's failure to properly maintain and operate its wastewater system resulted in sewage backups at multiple properties within the municipality including the Property.

12. Pursuant to its obligations under the Policy, Plaintiff reimbursed its insured $1,155,744 for damages arising out of the Incident.

13. In accordance with the common law principles of legal and equitable subrogation and the terms of the Policy, to the extent of any payments made pursuant to the Policy, Plaintiff is subrogated to the rights of its insured with respect to any claims against Defendant.

## COUNT I: NEGLIGENCE

14. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though each were set forth fully herein at length.

15. At all times material to this complaint, Defendant owed a duty to the citizens and residents of Millsboro including Plaintiff's insured to use reasonable care in operating and maintaining the municipal wastewater system including the wastewater treatment facility.

16. Defendant is a governmental entity under the Delaware County and Municipal Tort Claims Act. 10 *Del. C.* §4010, *et seq.*

17. Under 10 *Del. C.* §4012, a governmental entity shall be exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:

> (3) the sudden and accidental discharge, dispersal, release of escape of smoke, vapors, soot, fumes, acids, alkalines and toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any watercourse or body of water.

18. The Incident involved the sudden and accidental discharge and release of waste materials from the Millsboro wastewater system into the Property.

19. The Incident and resulting damages sustained by Plaintiff were directly and proximately caused by the negligence, carelessness and/or recklessness of Defendant and/or its agents in:

(a) failing to properly maintain the municipal wastewater system;

(b) failing to properly maintain and operate the pumps at its water treatment facility;

(c) failing to ensure that storm water from the rainstorm did not enter into the sanitary sewer system;

(d) failing to evaluate and limit potential inflow of water from the storm water system into the sanitary sewer system;

(e) failing to have proper procedures in place to prevent the inflow of water from the storm water system into the sanitary sewer system; and

(f) such other and further negligent acts or omissions which may be revealed in discovery.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $1,155,744 together with interest, cost and any other relief that this court deems just and equitable.

Dated: January 30, 2018

Joseph J. Bellew (#4816)
COZEN O'CONNOR
1201 N. Market Street, Suite 101
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
Email: jbellew@cozen.com

*Counsel for Plaintiff*